UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GENOMATICA, INC.,<br><br>　　　　Plaintiff,<br><br>v.<br><br>ICELANDIC GENOMIC VENTURES HOLDING, S.A.R.L. et al.,<br><br>　　　　Defendants,<br><br>AND RELATED COUNTERCLAIMS AND CROSS-CLAIMS. | Case No. 3:12-cv-0268-GPC-BGS<br><br>**ORDER**<br><br>**(1) GRANTING JOINT MOTION REGARDING IGVH'S MOTION FOR SUMMARY JUDGMENT (ECF NO. 77);**<br><br>**(2) GRANTING MOTION FOR SUMMARY JUDGMENT (ECF No. 74);**<br><br>**(3) GRANTING IN PART AND DENYING IN PART JOINT MOTION TO RESCHEDULE HEARING AND RETITLE SHARES (ECF NO. 79)** |

This is an interpleader action in which Genomatica, Inc. ("Genomatica") asserts it is an innocent stakeholder in a dispute over the ownership of certain shares of its stock. (ECF No. 1.) In its Complaint, Genomatica alleged a dispute had arisen between Iceland Genomic Ventures Holding S.à.R.L. ("IGVH"), on the one hand, and Iceland Genomic Partners ("IGP"), on the other hand. (Id.)

On May 22, 2012, IGVH filed an answer to Genomatica's Complaint, also asserting counterclaims against Genomatica and cross-claims against IGP, Tryggvi

Petursson ("Petursson"), and Iceland Genomic Venture Partners, S.A. ("IGVP") (all three collectively, "Petursson Defendants"). (ECF No. 7.)

On July 10, 2012, IGP filed an answer to Genomatica's Complaint. (ECF No. 18.) The Petursson Defendants, however, never responded to IGVH's cross-claims. Accordingly, this Court entered default judgment on IGVH's cross-claims against the Petursson Defendants on January 31, 2013. (ECF No. 60).

On March 21, the Court granted Genomatica's Motion to Dismiss & Discharge, denied IGVH's initial Motion for Summary Judgment, and granted Genomatica's Motion to Dismiss IGVH's Counterclaims. (ECF No. 64.) In granting Genomatica's Motion to Dismiss & Discharge, the Court required Genomatica to deposit with the Clerk of Court the shares that were actually in dispute, to wit, the 400,000 shares retitled in the names of the Petursson Defendants. Genomatica deposited said shares on March 29, 2013. (ECF No. 67.)

The Court further directed IGVH to take the necessary steps to dispose of this interpleader action. Thus, on April 12, 2013, IGVH filed its second motion for summary judgment, in which it asks the Court to enter judgment in IGVH's favor as to ownership of the disputed Genomatica shares. (ECF No. 74.) IGVH further asked the Court to Compel Genomatica to deposit with the Court the other 3,100,000 shares that Genomatica initially asserted were in dispute, but that the Court found were not actually in dispute given that said shares were retitled to IGVH's parent company. IGVH further asked the Court to compel Genomatica to issue 3,500,000 share certificates of the same class and series as Genomatica stock certificates Nos. PA 1 and PA2, reflecting IGVH's initial purchase of said shares.

On May 3, 2013, the parties filed a joint motion regarding IGVH's Motion for Summary Judgment, in which the parties agree that IGVH's request for an order compelling the deposit of the undisputed 3,100,000 shares should be withdrawn. (ECF No. 77.) Having considered said joint motion, the Court will grant it.

On July 24, 2013, the parties filed a second joint motion reflecting the parties'

agreement that the Court may order the 400,000 shares deposited with the Court to be retitled in IGVH's name, and that IGVH's pending Motion for Summary Judgment should be denied as moot. (ECF No. 79.) Having considered said joint motion, the Court will deny it as moot.

Having considered IGVH's Motion for Summary Judgment, along with the parties' two subsequent joint motions pertaining thereto, the Court finds it appropriate to grant IGVH's Motion for Summary Judgment as modified by the parties' subsequent joint motions. Given the Court's entry of default judgment against the Petursson Defendants and the Court's dismissal of Genomatica from the interpleader portion of this case, the Court finds it more appropriate to grant IGVH's Motion for Summary Judgment to ensure that ownership of the disputed 400,000 shares is finally resolved by judgment of the Court, rather than by stipulation of the parties.

Remaining in this case is Genomatica's Motion for Attorney Fees, (ECF No. 70), which the Court scheduled for a hearing on August 23, 2013, (ECF No. 71). On July 24, 2013, the parties filed a joint motion to move up the hearing on Genomatica's Motion for Attorney Fees to August 16, 2013. (ECF No. 79.) Having considered said joint motion, the court will grant it.

Based on the foregoing, **IT IS HEREBY ORDERED** that:

1. The parties' Joint Motion Regarding IGHV's Motion for Summary Judgment, (ECF No. 77), is **GRANTED**;
2. IGVH's Motion for Summary Judgment, (ECF No. 74), is **GRANTED** as modified by the parties' stipulation that Genomatica not be compelled to deposit the 3,100,000 shares of undisputed Genomatica stock;
3. The Clerk of Court shall enter judgment in favor of IGVH on the issue of ownership of the 400,000 shares of disputed Genomatica stock that were retitled in the name of the Petursson Defendants;
4. The Clerk of Court shall release the currently deposited 400,000 shares of Genomatica stock to Genomatica so they may be retitled in IGVH's

name;

5. Genomatica shall deliver to IGVH, via counsel for IGVH, the 400,000 shares of retitled stock within thirty days of entry of this Order;

6. Within seven days of delivering the retitled stock to IGVH, counsel for Genomatica shall file a declaration indicating that the retitled stock has been delivered to IGVH;

7. The hearing on IGVH's Motion for Summary Judgment, currently set for August 23, 2013, is **VACATED**;

8. The parties' Joint Motion to Reschedule Hearing on Genomatica's Motion for Attorney Fees and Retitle the 400,000 Shares Deposited with the Court, (ECF No. 79), is **GRANTED IN PART** and **DENIED IN PART**;

9. The hearing on Genomatica's Motion for Attorney Fees is moved up to **August 16, 2013, at 1:30 p.m.**

DATED: July 25, 2013

HON. GONZALO P. CURIEL
United States District Judge