UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GENOMATICA, INC., <br><br> Plaintiff, <br><br> v. <br><br> ICELANDIC GENOMIC VENTURES HOLDING, S.A.R.L. et al., <br><br> Defendants, <br><br> AND RELATED COUNTERCLAIMS AND CROSS-CLAIMS. | Case No. 3:12-cv-0268-GPC-BGS <br><br> **ORDER GRANTING IN PART AND DENYING IN PART GENOMATICA, INC.'S MOTION FOR ATTORNEY FEES** <br><br> **(ECF NO. 70)** |

This is an interpleader action in which Genomatica, Inc. ("Genomatica") asserts it is an innocent stakeholder in a dispute over the ownership of certain shares of its stock. (ECF No. 1.) In its Complaint, Genomatica alleged a dispute had arisen between Iceland Genomic Ventures Holding S.à.R.L. ("IGVH"), on the one hand, and Iceland Genomic Partners ("IGP"), on the other hand. (Id.)

On May 22, 2012, IGVH filed an answer to Genomatica's Complaint, also asserting counterclaims against Genomatica and cross-claims against IGP, Tryggvi

Petursson ("Petursson"), and Iceland Genomic Venture Partners, S.A. ("IGVP") (all three collectively, "Petursson Defendants"). (ECF No. 7.)

On July 10, 2012, IGP filed an answer to Genomatica's Complaint. (ECF No. 18.) The Petursson Defendants, however, never responded to IGVH's cross-claims. Accordingly, this Court entered default judgment on IGVH's cross-claims against the Petursson Defendants on January 31, 2013. (ECF No. 60.)

On March 21, the Court granted Genomatica's Motion to Dismiss & Discharge, denied IGVH's initial Motion for Summary Judgment, and granted Genomatica's Motion to Dismiss IGVH's Counterclaims. (ECF No. 64.) In granting Genomatica's Motion to Dismiss & Discharge, the Court required Genomatica to deposit with the Clerk of Court the shares that were actually in dispute, to wit, the 400,000 shares retitled in the names of the Petursson Defendants. Genomatica deposited said shares on March 29, 2013. (ECF No. 67.)

The Court further directed IGVH to take the necessary steps to dispose of this interpleader action. Thus, on April 12, 2013, IGVH filed its second motion for summary judgment, in which it asks the Court to enter judgment in IGVH's favor as to ownership of the disputed Genomatica shares. (ECF No. 74.)

On July 29, 2013, the court issued an order that, among other things, granted IGVH's Motion for Summary Judgment. (ECF Nos. 81, 82.) This order concluded the interpleader action and directed that Genomatica re-title the deposited shares of stock in IGVH's name.

Remaining is Genomatica's Motion for Attorney Fees ("Fee Motion"). (ECF No. 70.) IGVH filed a response in opposition to the Fee Motion, (ECF No. 76), and Genomatica filed a reply, (ECF No. 78). The Court deems the Fee Motion suitable for disposition without oral argument. See CivLR 7.1.d.1.

## DISCUSSION

### I. Legal Standard

"Generally, courts have discretion to award attorney fees to a disinterested

stakeholder in an interpleader action." Abex Corp. v. Ski's Enters., Inc., 748 F.2d 513, 516 (9th Cir. 1984). "The amount of fees to be awarded in an interpleader action is committed to the sound discretion of the district court." Trs. Dirs. Guild Am. v. Tise, 234 F.3d 415, 426 (9th Cir. 2000) (affirming district court's award of $3,000 in attorney fees where interpleader plaintiff requested $97,000). "[F]ee awards are properly limited to those fees that are incurred in filing the action and pursuing the plan's release from liability . . . . includ[ing], for example, preparing the complaint, obtaining service of process on the claimants to the fund, and preparing an order discharging the plaintiff from liability and dismissing it from the action." Id. at 426-27. These fees "are typically modest." Id. at 427. Though, larger amounts have been awarded where claimants have filed "unusual, generally not well-taken pleadings." Equitable Life Assurance Soc. U.S. v. DeGeorge, 2006 WL 4704613, at *4 (C.D. Cal. Aug. 28, 2006).[1]

An award of fees is typically "paid from the interpleaded fund itself." Id. at 427. The Court, however, "has discretion to award attorney fees and costs: (1) against the losing claimants as costs to such claimants, (2) from the fund payable to the winning claimants, or (3) by dividing the fees among the claimants." Nestle Beverage Co. v. Bayerische Vereinsbank S.A., 1993 WL 96584, at *3 (N.D. Cal. Mar. 24, 1993) (citing Schirmer Stevedoring Co., Ltd. v. Seaboard Stevedoring Corp., 306 F.2d 188, 194 (9th Cir. 1962). "The prevailing approach in most cases is to tax the plaintiff-in-interpleader's fees against the losing claimant." Chase Inv. Servs. Corp. v. Law Offices Jon Divens & Assocs., LLC, 748 F. Supp. 2d 1145, 1183 (C.D. Cal. 2010). This "provid[es] a mechanism for vexatious claimants to incur the costs of their meritless claims." Michelman v. Lincoln Nat'l Life Ins. Co., 685 F.3d 887, 898 (9th Cir. 2012).

---

[1] See also Sun Life Assurance Co. Canada v. Estage of Chan, 2003 WL 22227881, at *3 (N.D. Cal. Sept. 22, 2003) (awarding interpleader fees in addition to fees spent opposing probate petition filed in an attempt to preempt the interpleader action); see also Prudential Ins. Co. v. Burress, 181 F. Supp. 391 (S.D. Cal. 1960) (denying request for attorney fees from prevailing claimant where interpleader action arose from misconduct by defaulting defendant).

Further, "if there is a conflict between plaintiff and the interpleaded parties, either as to the correctness of the amount deposited or as to any interest of plaintiff in the fund, the court may not, in the absence of special circumstances, award attorney fees for the services of his attorneys in connection with such contest." Schirmer, 306 F.2d at 195.

In Schirmer, the claimant argued the stakeholder should not be discharged from the interpleader because it had deposited the wrong amount with the court. The court found that the claimant's arguments against the stakeholder were not plainly frivolous or made in bad faith. The court thus declined to award the stakeholder any fees incurred in connection with the stakeholder's contest with the claimant, awarding the stakeholder only the fees it incurred in filing the interpleader complaint and obtaining discharge.

## II. Analysis

In addition to attorney fees incurred in connection with filing its Complaint ($9,396.00) and obtaining service of process on IGVH and the Petursson Defendants ($2,140.00), Genomatica argues it is entitled to attorney fees from IGVH ($92,973.55) because it "was forced to go well beyond what is normally required to obtain discharge from liability due to IGVH's unjustifiable attempts to keep Genomatica in the action." Genomatica further argues it is entitled to fees incurred in connection with dismissing IGVH's Counterclaims ($64,087.45) because they "had absolutely no merit and were asserted only to keep Genomatica a party to the action." In that vein, Genomatica claims IGVH asserted its Counterclaims in bad faith. Genomatica further asserts it should be awarded its fees in preparing the instant Fee Motion ($31,731.00). Lastly, Genomatica argues it should be awarded its costs ($396.20). In total, Genomatica seeks $200,724.20 in attorney fees and costs.

IGVH asserts in response that its initial motion for summary judgment and its Counterclaims were not frivolous, meant to protract the litigation, or made in bad faith. As to its initial motion for summary judgment, IGVH asserts it was attempting to fully

resolve the necessity for an interpleader action by seeking a judgment that it owned the disputed shares. IGVH asserts it is appropriate for a claimant in some instances to move for dismissal of an interpleader action where there is no legitimate competing claim to the allegedly disputed property and that its initial motion for summary judgment was an appropriate vehicle to conclude the interpleader action early on in the litigation. As to its Counterclaims, IGVH asserts it had a good faith basis to believe that Genomatica breached a fiduciary duty and was negligent in re-titling the disputed shares to the Petursson Defendants.

IGVH asserts that, if Genomatica is to recover attorney fees, they should be from the Petursson Defendants. IGVH further asserts that Genomatica's claimed fees are neither modest nor reasonable, citing, for example, the fact that over 128 hours alone were spent on Genomatica's Motion to Dismiss IGVH's Counterclaims.

In reply, Genomatica asserts that, at a minimum, the Court should award fees jointly and severally against both IGVH and the Petursson Defendants.

Here, the Court first notes that IGVH is the winning claimant in this interpleader action. Thus, to assess fees against IGVH, the Court would have to find IGVH unreasonably protracted this litigation, filed frivolous motions/pleadings, and/or acted in bad faith. The Court finds IGVH's actions did not unreasonably protract this litigation. While IGVH's efforts to avoid the interpleader action by filing its initial summary judgment motion were unsuccessful and not in accord with routine interpleader practice, the Court credits IGVH's attempt to quickly resolve any dispute by arguing the Petersson Defendants were not valid claimants and by seeking a judgment of ownership over the Genomatica shares. Similarly, the Court finds that, while IGVH's Counterclaims were ultimately dismissed, its Counterclaims were not completely devoid of merit and were largely dismissed per IGVH's mistake in asserting its claims against Genomatica itself. Thus, it cannot be said that IGVH's filings were frivolous. The Court further finds there is no evidence that IGVH acted in bad faith. Moreover, the Court finds the facts here resemble those in <u>Schirmer</u> to the extent that

IGVH, a claimant, disputed the actions of Genomatica, the stakeholder, and to the extent Genomatica incurred the majority of its fees in connection with that conflict. Thus, Genomatica is not entitled to an award of attorney fees from IGVH.

While Genomatica claims an award of fees against the Petursson Defendants would be a pyrrhic victory, the Court finds that is the most equitable decision in these circumstances. The Court will thus award Genomatica the fees and costs it incurred in filing the interpleader action and obtaining service of process, and a portion of the fees it incurred in seeking discharge from the interpleader portion of this case, in the amount of $20,000.00. The Petursson Defendants shall be solely liable for these attorney fees and costs.

## **CONCLUSION**

Based on the foregoing, Genomatica's Fee Motion, (ECF No. 70), is **GRANTED IN PART** and **DENIED IN PART**. The Fee Motion is granted to the extent that the Court awards Genomatica $20,000.00 in fees. The Fee Motion is denied to the extent the Court does not award Genomatica the full amount of its requested fees and to the extent that the Court awards those fees solely against the Petursson Defendants. The hearing on the Fee Motion, currently set for August 16, 2013, is **VACATED**.

**IT IS SO ORDERED.**

DATED: August 15, 2013

HON. GONZALO P. CURIEL
United States District Judge